Hunt, J.,
delivered the opinion of the court:
This action springs from a contract of affreightment. In March, 1856, a cargo of government stores was shipx>ed on the schooner Major Donaldson, at Baltimore, for Corpus Christi. A bill of lading was executed by the master of the schooner in the usual form. The schooner arrived off rhe bar of Corpus Christi in April following and took a pilot. After some delay the vessel was taken over the bar under charge of the pilot. The bar was of an unusual shape. After crossing it, before the *399 wind, it was necessary to luff up to avoid coming on it again. At this moment the wind died out, and the anchors had to be let go. They would not hold. The vessel began striking and' thumping on the bottom. The only alternative to prevent the loss of both schooner and cargo was to run the vessel ashore as., far up the beach as possible.
It is well settled on authority that where a vessel is voluntarily run ashore under such circumstances, but is afterwards recovered so as to be able to perform her voyage, the loss resulting from the stranding is to be made good by general average contribution. • “ Such a claim is clearly within the rule,, that whatever is sacrificed for the common benefit of the associated interests shall be made good by all the interests exposed to the common peril, and which were saved from the common danger by the sacrifice.” (Fowler v. Rathbones, 12 Wall., p. 117; McAndrews v. Thatcher, 3 Wall., 365; Barnard v. Adams, 10 How., 270; 2 Arn. Ins., 784; 2 Pars. Ins., 241, 263; 2 Phil. Ins., 5th ed., 1313; Nelson v. Belmont, 21 N. Y., 38.)
This rule, it is now established, applies to the government as well as to individuals. (United States v. Wilder, 3 Sumn., 309.) “It rests,” in the language of Mr. Justice Story, “upon the ground of justice and equity, according to the maxim, ‘ Qui sentit commodum, sentire debet et onus.’” (Ib.; 3 Kent’s Com., 240; 2 Arn. Ins., p. 920.)
There appears to have been an adjustment of the general average made by an adjuster shortly after the events referred to in the case. The proportion of the contribution there charged against the cargo amounts to $821.93. For this sum the present suit is brought.
A part of the total general average ($650.36) was deducted by the government from the amount of freight due to the vessel.. It is now insisted for the government that this deduction was-properly made. But we do not concur in this view. We find that the expenses were but a remuneration for services rendered for the common safety; and, with perhaps one or two inconsiderable items too small for notice, that they are properly included by the adjuster in the amount to be contributed by the parties in interest. (2 Arn., 914.)
It is therefore ordered that the claimant have judgement, as prayed for, in the sum of $821.93.